UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ISAAC MICHAEL HARRIS, ) | CASE NO. 1:14 CV 715 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MANSFIELD CORRECTIONAL INSTITUTION, ) | AND ORDER |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

On April 1, 2014, Plaintiff *pro se* Isaac Michael Harris, an inmate at the Correctional Reception Center, filed this 42 U.S.C. § 1983 rights action against the Mansfield Correctional Institution (MaNCI), T. King, Lt. Reece, V. Melton, Mr. Azmoun, A. Hunsiger, K. Brawley, K. Sovacod, MaNCI MH Supervisor, MaNCI Deputy Warden of Special Services, and MaNCI's Warden. Plaintiff alleges in the Complaint that personal property from his cell came up missing after he suffered a seizure and was taken to a hospital for emergency treatment. He asserts MaNCI personnel did not follow protocol and were negligent

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

It is well established that negligence cannot form the basis for a section 1983 action.

*Daniels v. Williams*, 474 U.S. 327, 333 (1986). Further, before he can bring a section 1983 action in federal court concerning a claim of deprivation of property, Plaintiff must plead and prove the absence of adequate state remedies to redress the claimed wrong. *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). There is no indication Plaintiff has sought relief from the Ohio courts concerning his property.

Thus, even construing the Complaint liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated; 8/19/14